# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2480

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Crow Eagle

*Defendant - Appellant*

_____

No. 17-2321

_____

United States of America

*Plaintiff - Appellee*

v.

Shayla Left Hand

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 15, 2018
Filed: July 2, 2018
[Unpublished]
_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[*]
_____

PER CURIAM.

In these consolidated cases, Shayla Left Hand and Calvin Crow Eagle appeal the sentences the district court imposed after they pleaded guilty to crimes against children in their care. Crow Eagle also challenges the district court's restitution award, but has moved to voluntarily dismiss his appeal.

## I. Background

On July 17, 2016, Crow Eagle called police to report that Left Hand, his live-in girlfriend, had broken the windows out of his car. When police arrived, they found Crow Eagle's 4-year-old son R.C.E. in the couple's home. He was severely malnourished, and there were second- and third-degree burns covering much of his body. Left Hand admitted she had caused R.C.E.'s burns four days earlier when she bathed him in scalding hot water while she was high on methamphetamine. Crow Eagle ultimately admitted that he had learned of R.C.E.'s burns shortly after the incident happened. Neither Left Hand nor Crow Eagle obtained professional medical care for R.C.E. in those four days, fearing "the Feds" would get involved. Left Hand's 3-year-old daughter S.Y.E also lived in the home. A subsequent investigation

_____

[*]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. R. 47E.

-2-

revealed that Crow Eagle and Left Hand had previously left R.C.E. and S.Y.E. home alone—padlocked in a room—on July 11, 2016, and that Left Hand had also locked R.C.E. and S.Y.E. in the room and left the house on July 7, 2016.

Left Hand and Crow Eagle both pleaded guilty to child neglect by failing to seek medical treatment for R.C.E.'s burns (Count 1); child neglect by failing to seek treatment for R.C.E.'s malnourishment (Count 2); and child neglect by locking R.C.E. and S.Y.E. in the room on July 11, 2016 (Count 5). Left Hand also pleaded guilty to child abuse causing serious bodily injury by burning R.C.E. (Count 3), and child neglect by locking R.C.E. and S.Y.E. in the room on July 7, 2016 (Count 6). Left Hand faced a minimum of 10 years in prison, and maximum of life, on Count 3. Each child neglect count was punishable by up to 5 years in prison.

The district court sentenced Left Hand to the mandatory minimum 10 years in prison on Count 3, a consecutive 5 years on Count 1 (neglect by failing to get R.C.E. burn treatment), and 5 years each on Counts 2, 5, and 6 (neglect based on R.C.E.'s malnourishment and locking the kids in the room) to run concurrently with each other, but consecutively to her sentences on Counts 1 and 3. Thus, Left Hand was sentenced to a total of 20 years in prison; 10 of those years were imposed on the child neglect counts. Crow Eagle received concurrent 3-year sentences on each of his child neglect counts.

"The sentencing judge should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); see also Gall v. United States, 552 U.S. 38, 50 (2007) ("After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."). "If the court of appeals considers an explanation inadequate in a particular case, it can send the case back to the district court for a more complete

explanation." <u>Chavez-Meza v. United States</u>, ___ S. Ct. ___, No. 17-5639, 2018 WL 3013811, at *4 (June 18, 2018) (citing <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338, 1348 (2016) ("[A]ppellate courts retain broad discretion in determining whether a remand for resentencing is necessary.")).

Under the specific facts of this case, we conclude that the district court did not provide an adequate explanation for the disparity in the sentences it imposed on Left Hand and Crow Eagle's child neglect counts. We therefore vacate Left Hand's sentence, and remand her case to the district court for resentencing. On remand, the district court should more fully explain the sentence it imposes, after giving due consideration to the 18 U.S.C. § 3553(a) factors, including Left Hand's "history and characteristics" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

## III. Conclusion

Accordingly, Left Hand's sentence is vacated, and her case is remanded to the district court for resentencing. Crow Eagle's motion to dismiss his appeal is granted.

_____